[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12541
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cr-00002-WCO-JCF-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MANUEL DE JESUS HERNANDEZ-CHAVEZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 2, 2015)


Before TJOFLAT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Manuel de Jesus Hernandez-Chavez appeals his 30-month sentence, imposed after he pled guilty to one count of illegal re-entry of a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2). Hernandez-Chavez asserts his sentence was substantively unreasonable in light of the 18 U.S.C. § 3553(a) factors. He contends he should have received a below-Guidelines sentence because he stayed in Mexico for four years following a previous deportation and only re-entered the country due to his daughter's attempted suicide. After review,[1] we affirm Hernandez-Chavez's sentence.

Hernandez-Chavez has not satisfied his burden of showing his sentence was substantively unreasonable in light of the totality of the circumstances and the § 3553(a) factors. *See United States v. Early*, 686 F.3d 1219, 1221 (11th Cir. 2012) ("The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors."). The 30-month sentence was at the low end of the Guidelines range and was only one-eighth of the 20-year statutory maximum. *See* 8 U.S.C. § 1326(b)(2). Although neither factor entitles the sentence to a presumption of reasonableness, both weigh in favor of the sentence being reasonable. *See United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014) (stating a sentence that is significantly lower than the statutory maximum is indicative of reasonableness); *United States v. Hunt*, 526

---

[1] We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 46 (2007).

F.3d 739, 746 (11th Cir. 2008) (stating this Court does not automatically presume a sentence within the Guidelines range is reasonable, but ordinarily expects such a sentence to be reasonable). Moreover, there is no evidence the court clearly erred in weighing the § 3553(a) factors and imposed a sentence outside the reasonable range of sentences warranted by the facts. *See United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (explaining we will not vacate a sentence as substantively unreasonable unless we are left with a definite and firm conviction the district court clearly erred in weighing the § 3553(a) factors and imposed a sentence outside the reasonable range of sentence warranted by the facts of the case). Hernandez-Chavez was deported twice within the past ten years and entered the United States illegally four times. He re-entered the United States after being allowed to serve only two years of a five-year sentence, despite being warned that the suspended balance of his sentence would be reinstated if he returned to the country. While residing within the United States, he committed multiple crimes, several of which were violent. Thus, the nature of the offense; the defendant's history; the Guidelines range; and the need for the sentence to promote respect for the law, provide just punishment, provide adequate deterrence, and protect the public from further crimes of the defendant all weigh in favor of the reasonableness of the sentence.

3

The circumstances surrounding the offense, including Hernandez-Chavez's daughter's attempted suicide, his need to support his sick mother, and his poor health, could weigh in favor of a more lenient sentence.  Nevertheless, the appropriate weight to give any particular factor is within the sound discretion of the district court.  *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (stating the weight to be accorded to any given § 3553(a) factor lies in the sound discretion of the district court).  The district court was well within its discretion in deciding a sentence at the low end of the Guidelines range was reasonable and the circumstances surrounding the offense did not warrant a downward variance from the Guidelines range.  Accordingly, we affirm Hernandez-Chavez's 30-month sentence as reasonable.

**AFFIRMED.**